KYRON GRAY

VERSUS

CIERA RANKINS

NO. 24-C-445

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 82,294, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

September 26, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**WRIT GRANTED; JUDGMENT REVERSED; PETITION FOR
EMERGENCY TEMPORARY CUSTODY GRANTED; MATTER
REMANDED WITH INSTRUCTIONS**
    **JGG**
    **SMC**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
KYRON GRAY
    Jennifer G. Prescott

DEFENDANT/RESPONDENT,
CIERA RANKINS
    In Proper Person

**GRAVOIS, J.**

Relator, Kyron Gray, seeks this Court's expedited supervisory review of the trial court's September 25, 2024 judgment which denied of his "Petition for Emergency Temporary Custody, Civil Warrant for Return of the Child, and to Establish Custody." For the following reasons, we grant this writ application, reverse the trial court's ruling which denied Mr. Gray's Petition for Emergency Temporary Custody, grant Mr. Gray's Petition for Emergency Temporary Custody, and remand the matter with instructions and for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

On August 8, 2024, plaintiff/relator Kyron Gray filed a "Petition for Emergency Temporary Custody, Civil Warrant for Return of the Child, and to Establish Custody" against defendant/respondent Ciera Rankins in the 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana. The trial court set the matter for a hearing on September 17, 2024. Both parties appeared at the hearing and testified. Ms. Rankins appeared *in proper person*. Evidence was admitted in support of Mr. Gray's petition.

By way of background, Mr. Gray and Ms. Rankins were in a relationship and conceived a son, Kaiden Rankins (d.o.b. November 17, 2018), currently five years old, who is the subject of this writ application. They never married, but shared physical custody of the child. According to the petition and the testimony elicited at the hearing, in August of 2022, Ms. Rankins decided to move to Houston, Texas. Previously, the child lived primarily with her in New Orleans, but had regular visitations with Mr. Gray in LaPlace. After Ms. Rankins moved to Texas in August 2022, the parties agreed that the child would remain in LaPlace with his father. On June 1, 2023, the parties executed an extrajudicial "Custody Agreement," giving Mr. Gray custody of the child. In the agreement, Ms. Rankins further gave Mr. Gray permission "to care for my son in his home and apply for, consent to, or otherwise obtain any medical treatment or any economical, social, educational, or other services that my son may need." The agreement was not notarized, but both parties admitted at the hearing that they had freely entered into the agreement, which was entered into evidence at the hearing. At the hearing, the parties also acknowledged that they had a court date coming up in September in an ancillary proceeding in St. John the Baptist Parish concerning child support.

The testimony elicited at the hearing reflected that Ms. Rankins exercised very limited visitation with the child once she moved to Houston in 2022. Mr. Gray testified that Ms. Rankins requested that the child spend the summer of 2024 with her in Houston, to which he agreed, with the understanding that the child would be returned to him in advance of the child's starting kindergarten at the end of the summer. He testified that he communicated with Ms. Rankins that he would pick the child up in Houston on July 26, 2024, but she replied that she would not return the child to him and that the police would be called if he attempted to retrieve the child. After no resolution of the matter, Mr. Gray filed this petition.

Mr. Gray additionally testified that he has enrolled the child in school in St. John the Baptist Parish; however, because Ms. Rankins has refused to return the child to him, the child had missed approximately six weeks of kindergarten as of the date of the hearing. Ms. Rankins testified that in July 2024, she registered the child for kindergarten in Texas.

After hearing testimony from the parties and receiving evidence, the court denied Mr. Gray's request for emergency temporary custody and for immediate return of the child to Mr. Gray, orally finding that it was not in the child's best interest to be returned to Louisiana because, having missed six weeks of school, he has "technically failed" school in the state of Louisiana. The court ordered, however, visitation privileges in favor of Mr. Gray in Louisiana each day that the child is not in school, excluding "regular" weekends, and that Mr. Gray be allowed to have contact with the child each day via audio-visual communications. In oral reasons for its ruling, the court questioned whether the relocation statutes were applicable, since no judicial custody order was in place, and did not address whether Ms. Rankins had complied with the notice requirements of the relocation statutes. This timely writ application followed.

In his writ application, Mr. Gray argues that based on the testimony and evidence admitted at the hearing, it is clear that he has custody of the child as a result of the parties' Custody Agreement, and that Louisiana is the "[p]rincipal residence of the child," as per La. R.S. 9:355.1. Further, he argues that if this is an attempt by Ms. Rankin to relocate the principal residence of the child to Texas, she has not complied with the relocation statutes, La. R.S. 9:355.1, *et seq.* Upon review, we find merit to Mr. Gray's arguments.

# ANALYSIS

La. R.S. 9:355.1 provides:

As used in this Subpart:

(1) "Principal residence of a child" means:

    (a) The location designated by a court to be the primary residence of the child.

    (b) In the absence of a court order, the location at which the parties have expressly agreed that the child will primarily reside.

    (c) In the absence of a court order or an express agreement, the location, if any, at which the child has spent the majority of time during the prior six months.

(2) "Relocation" means a change in the principal residence of a child for a period of sixty days or more, but does not include a temporary absence from the principal residence.

Thus, in accordance with this statute, it is clear that the parties "expressly agreed," through their Custody Agreement, which they verbally acknowledged in open court, that the child's principal residence is LaPlace, Louisiana. Further, their agreement that the child would spend this past summer with his mother in Houston could only be considered as a "temporary absence" from his principal residence in Louisiana under this statute.

La. R.S. 9:355.2(B)(1) provides that the relocation statutes shall apply when "[t]here is intent to establish the principal residence of a child *at any location outside the state.*" (Emphasis added.) Under such circumstances, there is no requirement that there first be a court order awarding custody. All that is required is that there be a desire or attempt to change the principal residence of the child for a period of sixty days or more (not including a temporary absence from the principal residence) to "any location outside the state." *See* La. R.S. 9:355.1(2), *supra*. It is clear from her testimony that Ms. Rankins is now attempting to relocate the child's principal residence to outside the state of Louisiana for a period of sixty days or more. She was thus required to comply with the relocation requirements established by La. R.S. 9:355.1, *et seq*.

La. R.S. 9:355.4(A), provides: "A person proposing relocation of a child's principal residence shall notify any person recognized as a parent and any other person awarded custody or visitation under a court decree as required by R.S.

9:355.5." La. R.S. 9:355.5 provides notice requirements of a proposed relocation of the principal residence of a child as follows:

A. Notice of a proposed relocation of the principal residence of a child shall be given by registered or certified mail, return receipt requested, or delivered by commercial courier as defined in R.S. 13:3204(D), to the last known address of the person entitled to notice under R.S. 9:355.4 no later than any of the following:

   (1) The sixtieth day before the date of the proposed relocation.

   (2) The tenth day after the date that the person proposing relocation knows the information required to be furnished by Subsection B of this Section, if the person did not know and could not reasonably have known the information in sufficient time to provide the sixty-day notice, and it is not reasonably possible to extend the time for relocation of the child.

B. The following information shall be included with the notice of intended relocation of the child:

   (1) The current mailing address of the person proposing relocation.

   (2) The intended new residence, including the specific physical address, if known.

   (3) The intended new mailing address, if not the same.

   (4) The home and cellular telephone numbers of the person proposing relocation, if known.

   (5) The date of the proposed relocation.

   (6) A brief statement of the specific reasons for the proposed relocation of a child.

   (7) A proposal for a revised schedule of physical custody or visitation with the child.

   (8) A statement that the person entitled to object shall make any objection to the proposed relocation in writing by registered or certified mail, return receipt requested, within thirty days of receipt of the notice and should seek legal advice immediately.

C. A person required to give notice of a proposed relocation shall have a continuing duty to provide the information required by this Section as that information becomes known.

At the hearing, the parties admitted that they entered into the Custody Agreement giving Mr. Gray custody of the child, with the child to live with Mr. Gray at his home in St. John the Baptist Parish, Louisiana. The agreement listed Ms. Rankins's address as being in Houston. Ms. Rankins admitted that she refused

to return the child to Mr. Gray following the child's visitation with her this past summer, in violation of the parties' Custody Agreement. Importantly, at the hearing, Ms. Rankins readily admitted that she did not give Mr. Gray any written notice whatsoever of her proposed relocation of the principal residence of the child to Houston. Accordingly, it is undisputed that Ms. Rankins failed to comply with the notice requirements of the relocation statutes.

Upon review, based on the evidence admitted at the hearing, we conclude that the trial court erred in denying Mr. Gray's Petition for Expedited Temporary Custody of the minor child, Kaiden Rankins. Considering the evidence presented at the hearing, the testimony of the parties, and the express language of the statutes, we find that the relocation statutes clearly apply in this case. The evidence established that St. John the Baptist Parish is the principal residence of the child, and that Ms. Rankins, who admittedly is not the custodial parent of the child, did not comply with the notice requirements of the relocation statutes in her attempt to relocate the principal residence of the child to Houston. Accordingly, the court erred in denying Mr. Gray's request for emergency temporary custody of the child and in not ordering the immediate return of the child to Mr. Gray. We further conclude that Mr. Gray bore his burden of proof that he is entitled to an expedited incidental order of temporary child custody, in accordance with La. C.C.P. art. 3945.

### DECREE

Considering the foregoing, the trial court's judgment of September 25, 2024 denying Mr. Gray's Petition for Expedited Temporary Custody of the minor child, Kaiden Rankins (d.o.b. November 17, 2018), is **HEREBY REVERSED.** Mr. Gray's Petition for Expedited Temporary Custody of the minor child, Kaiden Rankins is **HEREBY GRANTED. THE TRIAL COURT IS HEREBY ORDERED** to immediately issue a civil warrant, in accordance with La. R.S. 9:343, directed to law enforcement authorities in Houston, Texas (or wherever the minor child, Kaiden Rankins (d.o.b. November 17, 2018), may be found), to seize and return the child to the custodial parent, Kyron Gray, pending further order of the court having jurisdiction over the matter, in accordance with the parties' Custody Agreement of June 1, 2023.[1]

---

[1] This ruling shall not prohibit Ms. Rankins from petitioning the court for a relocation of the principal residence of the minor child, Kaiden Rankins, to Houston, Texas, in accordance with the procedures set forth in La. R.S. 9:355.1, *et seq.*, should she choose to do so in the future.

**IT IS FURTHER ORDERED** that Mr. Gray's Petition to Establish Custody of the minor child, Kaiden Rankins, shall be heard before the trial court on November 25, 2024, as previously scheduled.

**WRIT GRANTED; JUDGMENT REVERSED; PETITION FOR EMERGENCY TEMPORARY CUSTODY GRANTED; MATTER REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 26, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-445**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (RELATOR)          JENNIFER G. PRESCOTT (RELATOR)

**MAILED**
CIERA RANKINS  (RESPONDENT)
8727 POINT PARK DRIVE
APARTMENT 611
HOUSTON, TX 77095